UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janette V.,<br><br>                Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security,<br><br>                Defendant. | Civil No. 3:22-cv-00496-SRU<br><br><br><br><br><br><br><br>April 7, 2022 |

**ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Jannette V.,[1] has moved for leave to proceed *in forma pauperis* – in other words, she has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, she submits an affidavit listing her assets and showing that she is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide [her]self and h[er] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only her personal resources, but also the resources of persons who support her. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, the Plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that she has been unemployed since 2001, and that she has no current income. (ECF No. 3, at 3.) She states that her monthly SAGA benefits of $219 were discontinued in December 2021. (*Id.*) She answered "N/A" or "none" to virtually every question requesting information on income or assets and states that she has no cash on hand. (*Id.*) Her monthly obligations total $2,140. However, she disclosed that her "son's 2 children live with [her]. He provides for their support and he helps [her] with utilities, etc." (*Id.* at 5.) Specifically, her "son pays the electricity, phone, etc. bills." (*Id.* at 4.)

When IFP applicants state that they are substantially supported by other people, courts often require them to disclose information about those people's financial resources and ability or inability to pay the filing fee. In *Jose R. v. Kijakazi*, for example, the plaintiff's affidavit stated that his "partner . . . support[ed] him financially." No. 3:21-cv-1718 (TOF), slip op. at 2 (D. Conn. Dec. 27, 2021). Citing *Fridman* and *Monti*, the court directed him to "either (a) pay the filing fee

2

3

or (b) submit a revised financial affidavit that includes a statement of his partner's resources and his/her ability to pay the fee." *Id.* The plaintiff then submitted a revised affidavit, which demonstrated that "even with the partner's resources taken into consideration, [he] qualifies financially for *in forma pauperis* status." No. 3:21-cv-1718 (TOF), slip op. (D. Conn. Jan. 11, 2022); *see also Sarah W. v. Kijakazi*, No. 3:21-cv-1726 (SRU), slip op. at 2-3 (Dec. 29, 2021).

Because the plaintiff is almost entirely supported by a family member (ECF No. 3, at 4-5), and because she has not provided any information about her family member's resources, this Court is unable to determine whether she is entitled to proceed without paying the filing fee. The Court therefore orders that, by April 21, 2022, the plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that includes a statement of the resources of any person from whom she draws financial support and his/her ability to pay the fee. She is respectfully advised that, if she neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, her case may be dismissed.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge
